VALENCIA SERVICE COMPANY y NEW AMSTERDAM CASUALTY COMPANY, peticionarias, *v.* TRIBUNAL DE DISTRITO DE SAN JUAN, HON. R. CORDOVÉS ARANA, JUEZ, demandado; ARTURO ORTIZ TORO, interventor.

Núm. 1798.—*Sometido:* Julio 13, 1949. *Resuelto:* Julio 21, 1949.

*Wilson P. Colberg, Harry M. Besosa* y *Harry B. Llenza,* abogados de los peticionarios; *M. Romany, C. Ruiz Nazario* y *M. Acosta Velarde,* abogados del interventor, demandante en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

En la noche del 14 de septiembre de 1946 Arturo Ortiz Toro, abogado en ejercicio en esta Isla, sufrió un accidente mientras regresaba en automóvil de Mayagüez a San Juan. Con tal motivo instó demanda de daños y perjuicios contra Valencia Service Co. y New Amsterdam Casualty Company, en la que sostuvo que la primera es una corporación organizada de acuerdo con las leyes de Puerto Rico y la segunda su aseguradora, y que el accidente se debió a que el chófer que conducía el camión de la Valencia Service Co., que discurría en dirección contraria, lo hacía negligentemente, abandonando su derecha e invadiendo la derecha del demandante.

Luego de ser emplazadas, las demandadas solicitaron dos prórrogas para alegar, que les fueron concedidas. En dos ocasiones posteriores solicitaron pliegos de particulares, y el tribunal inferior ordenó que los mismos les fueran servidos. Finalmente radicaron su contestación en 24 de marzo

de 1948 y en ella sostuvieron que la persona que se alega manejaba el camión al momento de ocurrir el accidente no era empleado de la Valencia Service Company ni actuaba en la hora, sitio y fecha a que se contrae la demanda para beneficio de ésta, puesto que dicha corporación no existía al tiempo de nacer la causa de acción. El demandante pidió que se eliminara esa contestación por artificiosa y falsa, y por resolución de 21 de abril de 1949 el tribunal recurrido así lo decretó. Solicitada reconsideración, la misma fué denegada.

Para revisar esa resolución acudieron ante nos las demandadas con una petición de *certiorari*, y este tribunal en 31 de mayo dictó la siguiente resolución:

"Aunque esta Corte ha llegado a la conclusión de que el tribunal inferior declaró con lugar indebidamente la moción para que se elimine la contestación por artificiosa y falsa, deseando oír a las partes respecto a si procede o no permitir al demandante que enmiende su demanda con el fin de alegar que la Valencia Service Company es una sociedad y no una corporación doméstica, se les concede un término de quince días para que informen por escrito lo que a bien tuvieren sobre el particular."

Los informes escritos fueron radicados por las partes y en 24 del pasado mes libramos el correspondiente auto de certiorari, pero haciendo constar, a fin de acelerar el procedimiento, que se entendería que el recurso quedaría sometido por los alegatos radicados.

La cuestión única a ser resuelta es si habiendo el demandante alegado en su demanda que la Valencia Service Co. es una corporación organizada de acuerdo con las leyes de Puerto Rico, debe permitírsele ahora que, dada la contención de las demandadas, él enmiende su demanda con el propósito de eliminar tal alegación totalmente o de alegar en su lugar que la referida Valencia Service Co. es una sociedad, tal cual se desprende de uno de los *exhibits* elevados. Habiendo ocurrido el accidente en la fecha indicada (14 de septiembre de 1946), es incuestionable que de no permitirse

tal enmienda y de tenerse que presentar demanda separada contra una entidad que no figura en autos, la acción habría prescrito a tenor con lo provisto por el artículo 1868 del Código Civil, edición de 1930.([1])

Ya hemos indicado que al ser emplazadas las demandadas ellas comparecieron para solicitar primero dos prórrogas para alegar y más tarde dos pliegos distintos de particulares. Nada dijeron entonces sobre la inexistencia de tal corporación. Mientras tanto el tiempo transcurría y cuando ya había expirado el término de un año a que hace referencia el indicado artículo, surge la alegación de las demandadas de que el conductor del camión no tenía relación alguna con la Valencia Service Co. y de que ésta no es una corporación. Las demandadas en todo momento tenían conocimiento de la cuestión que finalmente plantearon. No obstante, comparecieron ante la corte en cuatro ocasiones con fines posiblemente dilatorios y fué tan sólo cuando el período prescriptivo fijado por la ley se había extinguido, que levantaron tal cuestión. Conforme ya hemos dicho, nuestro criterio es que el tribunal recurrido erró al eliminar la contestación de las demandadas por artificiosa y falsa.([2]) Véanse: 2 *Fed. Rules Service* 644; *Western Gravel Co.* v. *M. J. Nolan Co.*, 219 N.W. 148; *Flatt* v. *Norman*, 11 P.2d 798, 801. Sin embargo, éstas sabían desde el primer momento a quién se demandaba. El calificar a la Valencia Service Company de corporación doméstica, cuando la realidad era que ya tal corporación había dejado de existir y que se trataba de una sociedad, en forma alguna podía inducir-

([1])El artículo 1868 del Código Civil, ed. de 1930, dispone en lo pertinente: "Prescriben por el transcurso de un año:

"1. *     *     *     *     *     *     *

"2. La acción para exigir la responsabilidad civil por injuria o calumnia, y por las obligaciones derivadas de la culpa o negligencia de que se trata en el artículo 1802 desde que lo supo el agraviado."

([2])La Regla 11 de las de Enjuiciamiento Civil provee que "Si una alegación no estuviere firmada o lo hubiere sido con el fin de burlar el propósito de esta Regla, podrá ser eliminada como artificiosa (*sham*) y falsa, y la acción podrá continuar como si no se hubiese notificado tal alegación."

324

les a error. En bien de la justicia y dadas las circunstancias que concurren, debe permitirse al demandante que enmiende su demanda en la forma indicada. Véanse: *United States* v. *A. H. Fischer Lumber Co.*, 162 F.2d 872, 10 Fed. Rules Service 32; *Bowles* v. *Underwood Corp.*, 9 Fed. Rules Service 80; *Porter* v. *Theo J. Ely Mfg. Co.*, 9 Fed. Rules Servive 319; *Blackwood* v. *Spartanburg Commandery*, 193 S.E. 195, 121 A.L.R. 1320, 1329; *N. Y. Cent. R.R.* v. *Kinney*, 260 U.S. 340, 346; 39 Am. Jur. 1002.

*Debe anularse la resolución recurrida y concederse al demandante un término de diez días para enmendar el párrafo primero de su demanda.*