RAMÓN SEPÚLVEDA y JUSTINA ORTIZ, demandantes y recurrentes, *v.* ANGEL MEJÍAS Y/O MANUEL RODRÍGUEZ VÉLEZ Y ROYAL INDEMNITY Y/O TRANSCONTINENTAL INSURANCE Co., demandados y recurridos.

*Número:* 12875 *Resuelto:* 30 de noviembre de 1962

*Héctor Lugo Bougal* y *Carlos J. Irizarry Yunqué*, abogados de los recurrentes; *Juan Enrique Géigel, Guillermo Silva, Jaime A. García Blanco, Hernán G. Pesquera* y *Vicente Santori Coll*, abogados de los recurridos.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: En 24 de agosto de 1956 un camión Ford, tablillas H–83–099, conducido por Manuel Rodríguez Vélez, arrolló al joven Ramón Sepúlveda, causándole la muerte. Los padres del occiso instaron acción en reclamación de daños y perjuicios y en la demanda presentada alegaron que el camión pertenecía a "Angel Mejías y/o Manuel Rodríguez Vélez" y que para la fecha del accidente "estaba asegurado con la Royal Indemnity Company y/o Transcontinental Insurance Co., representadas por San Miguel y Cía., Inc." Ambas compañías aseguradoras formularon contestación y negaron que para la fecha indicada hubiesen expedido o tuviesen en vigor pólizas para responder de los daños causados en la operación de dicho camión. El demandado Angel Me-

jías negó ser el dueño del vehículo; el otro codemandado no compareció a formular alegaciones, por lo cual se anotó en autos su rebeldía.

Después de haberse presentado en diciembre 9 de 1957 la prueba de la parte demandante tendente a establecer la existencia de un contrato de seguro para responder de los daños causados, se solicitó por las compañías aseguradoras demandadas que se desestimara la demanda en cuanto a ellas. En corte abierta, el tribunal de instancia indicó que "[n]o hay forma de determinar que el día 24 de agosto de 1956 existía un seguro para cubrir los daños que causara el vehículo objeto de la presente acción," y en su consecuencia, ordenó la desestimación solicitada. (T.E., págs. 153–154.) En 23 de diciembre siguiente se dictó la correspondiente sentencia declarando sin lugar la demanda en cuanto a la Transcontinental Insurance Co. únicamente. (T.A., pág. 87). Contra esta sentencia se interpuso el presente recurso de apelación.

Ahora bien, el litigio continuó, y recayó sentencia en 24 de febrero de 1958 mediante la cual se declaró con lugar la demanda "en cuanto a Manuel Rodríguez Vélez y sin lugar en cuanto a los demandados Angel Mejías y Royal Indemnity Co., habiéndose declarado sin lugar en cuanto a la Transcontinental Insurance Co.".(1) Se interpuso recurso de apelación que fue desestimado mediante resolución dictada por este Tribunal en 23 de mayo de 1958 en el recurso de apelación núm. 12492.(2)

No es necesario que resolvamos si la sentencia dictada en 23 de diciembre de 1957 era una de carácter final contra

---

(1) En las determinaciones de hecho y conclusiones de derecho (T.A., págs. 108–109 y 110) el tribunal reiteró que para la fecha del accidente no se habían expedido pólizas que cubrieran los daños reclamados.

(2) La desestimación obedeció a que el escrito de apelación se radicó después de haber transcurrido el término de 30 días que fijaba el Art. 295 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1281, y por la ausencia de notificación al demandado Manuel Rodríguez.

la cual podía interponerse recurso de apelación. [3] El único error que se señala por la parte apelante apunta que el tribunal no ha debido desestimar la demanda en cuanto a las compañías aseguradoras porque existe en los autos suficiente evidencia indicativa de la existencia de un contrato de seguro. Hemos examinado cuidadosamente la transcripción de los testimonios prestados durante la vista y la prueba documental admitida, y apreciada en la forma más favorable a los demandantes, indica solamente la posibilidad—bastante remota—de que Royal Indemnity Co. hubiera expedido una póliza a favor de Angel Mejías para la fecha del accidente y que ella cubriera—todavía más remota aun—los daños causados por el camión que intervino en el accidente. Pero realmente no hay la más leve *scintilla* de evidencia que en forma alguna tienda a establecer la existencia de un póliza expedida por Transcontinental Insurance Co. Como la sentencia contra la cual se dirige este recurso exoneró exclusivamente a Transcontinental Insurance Co., y en forma alguna se refiere a Royal Indemnity Co., la frivolidad es aparente.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de Ponce, en 23 de diciembre de 1957.*

[3] Compárense la Regla 54(b) de 1943 y la Regla 44.2 de 1958; véanse, *Dalmau* v. *Quiñones,* 78 D.P.R. 551 (1955); *Rieder* v. *Torruellas,* 48 D.P.R. 866 (1935); *Pabellón* v. *Grace Line,* 191 F.2d 169 (CA 2, 1951); *Western Contracting Corp.* v. *National Surety Corp.,* 163 F.2d 456 (CCA 4, 1947); Moore's, *Federal Practice* (2ª ed.), vol. 6, §54.23 [4]; Barron y Holtzoff, *Federal Practice and Procedure,* vol. 3, §1193.