WILLIAM FELICIANO RUIZ, ETC., ET AL., demandantes y recurrentes, *v.* ALFONSO DEVELOPMENT CORP. y/o GENERAL DEVELOPMENT CORP., demandados y recurridos.

Número: R-67-333      Resuelto: 24 de mayo de 1968

William Feliciano Ruiz, *pro se; Carlos J. Faure,* abogado de los recurridos.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 24 de marzo de 1965 los recurrentes incoaron una acción en reclamación de daños y perjuicios por alegados vicios de construcción contra Alfonso Development Corporation, General Development Corporation, Guillermo Alfonso y Teodoro P. Fajardo. Mediante resolución de 16 de julio de 1965 se desestimó la demanda en cuanto a los tres últimos demandados mencionados ya que no contenía alegación alguna que los relacionara con la causa de acción ejercitada. [1] Varios días después, en 28 de julio, se presentó una primera demanda enmendada—se incluyó a los mismos demandados— que reprodujo los hechos expuestos en la original y que contenía una nueva alegación al efecto de que Alfonso Development Corporation, la constructora que había otorgado el contrato de construcción, había variado su nombre corporativo a General Development and Construction Corporation, también conocida como General Development Corporation. Una vez más se solicitó y se decretó en 10 de septiembre de 1965 la desestimación en cuanto a los demandados Alfonso y Fajardo por la ausencia de alegaciones para conceder remedio contra ellos. En tal virtud dictóse sentencia parcial y se archivó en autos copia de su notificación.

En 11 de enero de 1966 General Development Corporation presentó su contestación, en la cual admitió ciertos hechos y negó otros, y adujo como única defensa especial la de prescripción de la acción ejercitada. [2] Comenzó la vista del caso. Se suspendió para permitir a la parte demandante que enmendara sus alegaciones a los fines de incluir todos los defectos de construcción por los cuales reclamaba resar-

---

[1] En el párr. 2°. de la demanda se alegaba que ". . . el día 29 de abril de 1957 los demandantes y los codemandados, Alfonso Development Corp., suscribieron un contrato mediante el cual Alfonso Development Corp. se obligó a construir para los demandantes una edificación de concreto . . . ."

[2] Esta defensa había sido declarada sin lugar al resolverse en 16 de julio de 1965 la solicitud de desestimación de la demanda original.

cimiento. Esta segunda demanda enmendada se dirigió contra las dos corporaciones únicamente. La contestación fue una reproducción de la anterior.

Al continuar la vista en 30 de agosto de 1966 se discutió por el abogado de la demandada "la situación general que impera en este caso actualmente y al finalizar indicó que de recaer, en su día, una sentencia a favor de los demandantes la misma sería académica por estar disuelta la corporación demandada." (Minuta, Autos, pág. 38.) Ante este planteamiento se transfirió la continuación del juicio para proporcionar a las partes, especialmente a los demandantes, la oportunidad de investigar los hechos relacionados con la alegada disolución. Destacamos que es en esta fecha la primera ocasión en que por el abogado de la demandada se hace referencia a la disolución de su representada.

Precisa apuntar que obran unidos a los autos originales unos documentos que acreditan que: (a) en 20 de abril de 1964 se juró y suscribió ante el abogado de la demandada un documento sobre disolución de General Development and Construction Corporation por consentimiento unánime de sus dos únicos accionistas, los esposos don Teodoro Fajardo y doña Rita Vilella, complementado por un certificado suscrito por el mismo abogado, en su carácter de Secretario de la corporación, sobre la identidad y número de acciones de dichos accionistas; (b) en la reunión de accionistas celebrada el día 20 de abril de 1964 se adoptó formalmente el acuerdo de disolución y que para llevar a cabo la disolución "los accionistas recibieron el activo neto de la corporación en la proporción de sus respectivas tenencias"; (c) en la misma fecha se solicitó del Secretario de Hacienda la expedición del certificado correspondiente al efecto de que la corporación no adeuda contribuciones, solicitud que aún se encuentra en trámite, a pesar de las repetidas gestiones que se han realizado

para lograrlo; ([3]) y (d) aún se encuentra pendiente de trámite el certificado de disolución "por no haberse incluido . . . los valores correspondientes y la certificación del Secretario de Hacienda acreditativa de que la corporación no adeuda contribuciones de clase alguna al erario público." ([4]).

En 21 de septiembre de 1966 la parte demandante radicó un escrito en el que solicitó del tribunal que, con vista de la prueba documental reseñada, declarara sin lugar el planteamiento sobre la disolución de la corporación, y le permitiera enmendar la demanda para incluir a Teodoro P. Fajardo y a Guillermo Alfonso como codemandados.

En 11 de octubre de 1967 el tribunal de instancia dictó una extensa resolución con los siguientes pronunciamientos: (a) es improcedente la concesión del permiso solicitado para incluir como demandados a los esposos Fajardo-Vilella por estar éstos protegidos por la excepción de cosa juzgada fundada en la sentencia de 10 de septiembre de 1965 a que nos hemos referido; (b) en todo caso, cualquier responsabilidad que éstos tuvieran se limitaría hasta las cantidades por ellos recibidas en liquidación; (c) tampoco procede descorrer el velo corporativo, no sólo porque ello es incompatible con la posición de los demandantes sobre la subsistencia de la corporación, sino porque no se trata de un supuesto de fraude; y (d) aun cuando la corporación no ha sido oficialmente disuelta *de jure*, el tribunal "no ejercitará su jurisdicción para darle actualidad a meras disquisiciones técnico-legales", considerando que si obtienen sentencia favorable, los deman-

---

([3]) Periódicamente se le ha notificado a la corporación sobre contribuciones pendientes de pago, las cuales han sido prontamente satisfechas por cheques expedidos contra la cuenta personal del señor Fajardo.

([4]) El Art. 1005 de la Ley de Corporaciones, 14 L.P.R.A. sec. 2005, dispone que "no se expedirá certificado de disolución alguno con arreglo a las disposiciones de los artículos 1003 y 1004 de esta ley hasta que se hayan pagado por la corporación, y así lo certifique el Departamento de Hacienda, todas las contribuciones, penalidades o derechos adeudados al Estado Libre Asociado o que puedan imponerse por éste."

dantes nunca podrán recobrar ya que la corporación ningún haber tiene por haberlo distribuido entre sus dos únicos accionistas. En tal virtud dictó sentencia declarando sin lugar la demanda. Acordamos revisar.

1. En la exposición de hechos que precede hemos hecho referencia a que tanto la demanda original como la primera demanda enmendada fueron desestimadas en cuanto al demandado Teodoro P. Fajardo por no contener alegaciones que lo vincularan con la responsabilidad que se exigía por los vicios de construcción. No exageramos al decir que la única mención que figuraba en cuanto a dicho demandado era en el título. Es la sentencia dictada por efecto de la desestimación la que el tribunal de instancia estima que constituye cosa juzgada y que impide se conceda a la parte demandante el permiso solicitado para incluir nuevamente a Fajardo como demandado ante la alegada disolución de la corporación General Development Corporation y la distribución del activo corporativo.

Incidió.

Como se expone en *Bolker* v. *Tribunal Superior*, 82 D.P.R. 816, 822–825 (1961), citando a Borrell y Soler, *Derecho Civil Español*, tomo I, pág. 593, es preciso distinguir entre los dos efectos que produce una sentencia, el positivo, que consiste en su cumplimiento mediante la ejecución, y el negativo, *la imposibilidad de reproducir la contienda*. El primero da lugar a la *actio judicati*; el segundo, a la *exceptio rei judicatae*. Esta última "impide reproducir la cuestión fallada, *promoviendo un nuevo pleito sobre el mismo asunto* las que sostuvieron el primero." A poco que se examine la situación que consideramos vemos que estrictamente no se trata de un nuevo pleito, sino del mismo pleito, sólo que en una etapa posterior, y que, más decisivo aún, no se trata del mismo asunto ya que en la ocasión anterior se incluyó a Fajardo, aunque no se alegó expresamente, para exigirle,

junto a la corporación, una responsabilidad directa por los defectos de construcción; ahora, se solicita autorización para incluirle a base de la responsabilidad derivativa aneja a todo accionista que recibe bienes de una corporación disuelta. Véase, *Cruz* v. *Ramírez*, 75 D.P.R. 947 (1954). Puede afirmarse que, en efecto, no concurre identidad en la causa y en la calidad en que fue originalmente demandado Fajardo y la que ahora se propone. Ni plena identidad objetiva ni plena identidad subjetiva.

■ Forzoso también es concluir que la sentencia desestimatoria no expresa resolución sobre lo que constituyó el nervio y raíz del pleito actual, absteniéndose de conocer la cuestión debatida. Se trataría en todo caso de un supuesto de cosa juzgada formal y no material, que es cuando el tribunal resuelve la cuestión planteada en su fondo.

■ 2. Aun en ausencia de los reparos expuestos, consideradas las circunstancias que concurren, no es éste un caso adecuado para la aplicación de la excepción de cosa juzgada. Sabido es que no está indicada una aplicación inflexible de esta defensa cuando al así hacerlo se subvierten los fines de la justicia. *Pérez* v. *Bauzá*, 83 D.P.R. 220 (1961). La cosa juzgada descansa en el principio básico de que debe propiciarse la terminación de los litigios, en "una ficción de ley que obedece fundamentalmente a un principio de conveniencia y orden procesal." (a la pág. 226)

■ Un examen de los hechos revela que a la fecha en que se incoó la acción, 24 de marzo de 1965, ya se había adoptado, desde hacía once meses, en 20 de abril de 1964, el acuerdo de disolución de la corporación y se había procedido dizque a la distribución del activo. Al comparecer a contestar la corporación nada informa sobre el particular, lo silencia, a pesar de que este hecho puede ser de fundamental importancia en cuanto a la responsabilidad que pretende exi-

girse por la parte demandante. (⁵) En tales circunstancias constituiría una desviación de los fines de la justicia, amparar con la defensa de cosa juzgada a una parte que así actúa. Cf. *Valencia Service Co.* v. *Tribl. Distrito,* 70 D.P.R. 320 (1949).

■ La sentencia de 10 de septiembre de 1965 (⁶) desestimando la acción contra el señor Fajardo no constituye impedimento para que se le traiga nuevamente al pleito.

---

(⁵) Véase, no obstante, el Art. 1006 de la Ley de Corporaciones, 14 L.P.R.A. sec. 2006.

(⁶) Es discutible si en ausencia de una *determinación expresa* al efecto de que no existía razón para posponer el dictar sentencia, la de fecha 10 de septiembre de 1965 puede considerarse como una *firme,* elemento éste esencial para que prospere la defensa de cosa juzgada. Véanse, la Regla 44.2 de Procedimiento Civil de 1958, en relación al texto de la 54(b) federal, a través de las revisiones de 1948 y 1961; Barron y Holtzoff, *Federal Practice and Procedure,* vol. 3, § 1193.2; Moore, *Federal Practice,* vol. 6, §§ 54.26 y 54.34; y específicamente sobre el punto de si "reclamaciones múltiples" incluye "partes múltiples", *Pang-Tsu-Mow* v. *Republic of China,* 225 F.2d 543 (D.C. Cir. 1955); *Rao* v. *Port of New York Authority,* 222 F.2d 362 (2d Cir. 1955); *United Artists Corp.* v. *Masterpiece Production, Inc.,* 221 F.2d 213 (2d Cir. 1955); *Boston Medical Supply Co.* v. *Lea & Febiger,* 195 F.2d 853 (1st Cir. 1952); *Vale* v. *Bonnett,* 191 F.2d 334 (D.C. Cir. 1951); y *contra, Ferguson* v. *Bartels Brewing Co.,* 284 F.2d 855 (2d Cir. 1960); *Bowling Machines, Inc.* v. *First Nat. Bank of Boston,* 283 F.2d 39 (1st Cir. 1960); *Mull* v. *Ackerman,* 279 F.2d 25 (2d Cir. 1960); *Shawe* v. *Wendy Wilson, Inc.,* 25 F.R.D. 1 (D.C. N.Y. 1960); *Brandt* v. *Renfield Importers, Ltd.,* 269 F.2d 14 (8th Cir. 1959); *Higgins* v. *Shenango Pottery Co.,* 256 F.2d 504 (3d Cir. 1958); *Reagan* v. *Traders & General Ins. Co.,* 255 F.2d 845 (5th Cir. 1958); *Luria Bros. & Co.* v. *Rosenfeld,* 244 F.2d 192 (9th Cir. 1957); *Meadows* v. *Greyhound Corp.,* 235 F.2d 233 (5th Cir. 1956); *Carr* v. *City of Anchorage,* 235 F.2d 780 (9th Cir. 1956); *Nettles* v. *General Acc. Fire & Life Assur. Corp.,* 234 F.2d 243 (5th Cir. 1956); *Hardy* v. *Bankers Life & Cas. Co.,* 222 F.2d 827 (7th Cir. 1955); *Steiner* v. *Twentieth Century-Fox Film Corp.,* 220 F.2d 105 (9th Cir. 1955). Véanse además, notas en 26 Geo. Wash. L. Rev. 341 (1958); 71 Harv. L. Rev. 978 (1958); 43 Va. L. Rev. 229 (1957); 62 Yale L.J. 263 (1953).

En la jurisdicción federal en 1961 se disipó cualquier duda sobre el particular, resolviéndose las diferencias de interpretación, mediante una referencia expresa a "partes múltiples." Véanse, Bauman, *Multiple Liability, Multiple Remedies, and the Federal Rules of Civil Procedure,* 46 Minn. L. Rev. 729 (1962); Notas en 77 Harv. L. Rev. 601, 611–618 (1964) y 35 Tul. L. Rev. 444 (1961). Como el propósito que se persigue

En vista de la conclusión a que hemos llegado sobre la procedencia de la solicitud de la parte demandante para incluir como demandados a los esposos Fajardo, no es necesario resolver sobre los otros aspectos de la resolución que dio margen a la sentencia que se revisa. *Se dejará sin efecto la sentencia dictada por el Tribunal Superior, Sala de Ponce, en 11 de octubre de 1967, y se devolverá el caso para procedimientos ulteriores compatibles con esta opinión.*

---

es una orientación definida sobre el carácter de final y firme de una sentencia a los fines de determinar su carácter de revisable, una enmienda similar es deseable en nuestras Reglas. *Sepúlveda* v. *Mejías,* 86 D.P.R. 600 (1962) y *Dalmau* v. *Quiñones,* 78 D.P.R. 551 (1955) no consideran esta cuestión.