# 99 DTA 204

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL DE SAN JUAN**

FRANCISCO RODRIGUEZ RAMOS Y SU ESPOSA OLGA CARMONA DIAZ, POR SI Y EN
REPRESENTACION DE LA SOC. LEGAL DE GANANCIALES; EMILIO ROSARIO ROSARIO Y
SU ESPOSA, ANTONIA RODRIGUEZ RIVERA, POR SI Y EN REPRESENTACION DE LA
SOC. LEGAL DE GANANCIALES
Demandantes-Recurridos

v.

JOSE RAFAEL ZEQUEIRA TORAL, Y SU ESPOSA MAYRA ALVAREZ LOPEZ, POR SI, Y EN
REPRESENTACION DE LA SOC. LEGAL DE GANANCIALES
Demandados-Recurrentes

Núm. KLCE-99-00169

San Juan, Puerto Rico, a 10 de junio de 1999

Panel integrado por su Presidenta, la Juez Alfonso de Cumpiano
y los Jueces Aponte Jiménez y Giménez Muñoz

Alfonso de Cumpiano, Juez Ponente

## TEXTO COMPLETO DE LA RESOLUCION

El Sr. José Rafael Zequeira Toral, su esposa, Mayra Alvarez López y la sociedad de gananciales (señor Zequeira Toral y otros) presentan recurso de *certiorari* en solicitud de revisión de la resolución del Tribunal de Primera Instancia que denegó su solicitud de sentencia sumaria basada en la doctrina de cosa juzgada. Sostienen los peticionarios que erró el tribunal al no aplicar en el caso de acción confesoria de servidumbre de paso instada por los recurridos la doctrina de cosa juzgada, cuando ésta procedía a base de una sentencia desestimatoria anterior.

Examinadas las alegaciones de las partes, la resolución recurrida y el derecho aplicable, concluimos que no erró el tribunal al denegar la moción de sentencia sumaria y no aplicar la doctrina de cosa juzgada al caso de autos.

Los hechos pertinentes se resumen a continuación. El 30 de abril de 1997, el Sr. Francisco Rodríguez Ramos, su esposa, Sra. Olga Carmona Díaz, la sociedad legal de gananciales y el Sr. Emilio Rosario Rosario, su esposa Sra. Antonia Rodríguez Rivera y la sociedad de gananciales (señor Rodríguez Ramos y otros), presentaron acción confesoria de servidumbre en la cual solicitaron al tribunal que fijara los puntos y rumbos de la servidumbre de paso reclamada y que pronunciara su derecho al uso e inscripción de dicho paso.

El señor Zequeira Toral y otros contestaron la demanda e instaron reconvención. Adujeron como defensa afirmativa la excepción de cosa juzgada, solicitaron se les compensara daños y perjuicios y que se les prohibiese a los recurridos el paso por su finca so pena de desacato. Posteriormente presentaron solicitud de sentencia sumaria bajo el fundamento de que debía aplicarse la doctrina de cosa juzgada, aludiendo a previos procedimientos que culminaron en sentencias. El tribunal, luego de considerar las posiciones de las partes, denegó la moción de sentencia sumaria. Dispuso en la resolución recurrida que no procedía aplicar la doctrina de cosa juzgada, por cuanto ninguna de las sentencias de los casos anteriores invocados había resuelto en sus méritos la cuestión en cuanto a si los demandantes tienen o no derecho al paso que reclaman. Además determinó que las cuestiones de hechos sobre si la finca está enclavada o si existe acceso seguro a camino público no pueden dilucidarse sumariamente.

En este recurso, los peticionarios señalan que erró el tribunal al declarar sin lugar la solicitud de sentencia sumaria. Hacen referencia a los dos casos anteriores presentados sobre el asunto. El primero fue presentado por los recurridos el 25 de noviembre de 1983 mediante una acción de servidumbre de paso contra la sucesión del Sr. Celestino Matta Carrillo, alegadamente dueña de la propiedad que luego vendió al señor Zequeira Toral. En esa demanda, los recurridos alegaron que sus fincas estaban enclavadas y solicitaron el establecimiento de una servidumbre de paso a través de la finca de la sucesión del señor Celestino Matta. Ante la alegación de los allí demandados de que no se incluyeron partes indispensables, la demanda fue desestimada con perjuicio. La segunda demanda fue presentada el 5 de febrero de 1991 por los recurridos, señor Rodríguez Ramos y otros, contra el señor Zequeira Toral. Solicitaron se permitiera paso a través de la finca de éste. Esta demanda fue desestimada y archivada mediante sentencia de 20 de junio de 1991 porque no incluia descripción de las fincas. De esa sentencia los recurridos acudieron al Tribunal Supremo mediante solicitud de revisión, la cual fue declarada sin lugar.

Es bien reconocida la normativa que regula el uso del mecanismo de la sentencia sumaria. La Regla 36.3 de las de Procedimiento Civil dispone que se dictará sentencia sumaria si las alegaciones, deposiciones, contestaciones a

interrogatorios y admisiones ofrecidas, en unión a las declaraciones juradas, si las hubiere, demostraren que no hay controversia real sustancial en cuanto a ningún hecho material y que como cuestión de derecho debe dictarse sentencia sumaria a favor de la parte promovente. 32 L.P.R.A. Ap. III. El propósito de esta regla es promover una solución justa, rápida y económica para los pleitos, obviando la celebración de juicio en su fondo. *Mercado Vega v. U.P.R.,* 128 D.P.R. 273, 281 (1991); *Consejo de Titulares del Condominio Parkside v. M.G.I.C. Financial Corp.,* 128 D.P.R. 538, 548 (1991); *Corp. Presiding Bishop CJC of LDS v. Purcell,* 117 D.P.R. 714, 720 (1986).

Examinemos si existía en este caso ausencia de una controversia real de hechos, y si procedía como cuestión de derecho aplicar la defensa de cosa juzgada invocada por los peticionarios.

La doctrina de cosa juzgada se encuentra tipificada estatutariamente en Puerto Rico en el Artículo 1204 del Código Civil. 31 L.P.R.A. sec. 3343. Esta defensa tiene el efecto de evitar que en un pleito posterior se litiguen cuestiones que ya fueron o que pudieron haber sido litigadas y adjudicadas en un pleito anterior. La doctrina de cosa juzgada está fundada en consideraciones de orden público y de necesidad. Esta persigue poner fin a litigios que han sido adjudicados en forma definitiva por los tribunales y garantizar de este modo la certidumbre y seguridad de los derechos declarados por resolución judicial. Tiene también como propósitos proteger a los litigantes contra lo que representa defenderse o probar sus reclamaciones en repetidas ocasiones tratándose de la misma controversia; promover la economía judicial y administrativa al evitar litigios innecesarios y decisiones inconsistentes. *Worldwide Food Distributors, Inc. v. Colón Bermúdez,* ___ D.P.R. ___ (1993), **93 J.T.S. 114,** pág. 10963; *Rodríguez v. Colberg Comas,* 131 D.P.R. 212 (1989), 218-219; *Pagán Hernández v. U.P.R.,* 107 D.P.R. 720, 732-733 (1978).

Los requisitos para que la cosa juzgada sea aplicable a una controversia son: (1) que haya una primera sentencia válida, final y firme que adjudique los hechos y resuelva una controversia en sus méritos; (2) que las partes en el primer litigio sean las mismas en el segundo; (3) que en ambos pleitos se trate del mismo objeto o asunto; (4) que en el primer pleito se haya pedido igual remedio que el que se pide en el segundo; y (5) que las partes litiguen en la misma calidad en ambos pleitos. Artículo 1204 del Código Civil, *supra, Banco de la Vivienda v. Carlo Ortiz,* 130 D.P.R. 730 (1992); *Negrón v. C.I.T. Fin. Serv.,* 111 D.P.R. 657, 661 (1981).

Ahora bien, aun cuando todos los requisitos estén presentes en un pleito, la doctrina de cosa juzgada no se aplicará inflexiblemente cuando el así hacerlo derrotaría los fines de la justicia. Entre estas excepciones se encuentran aquellos casos que están permeados de consideraciones de orden público. También se ha rechazado la aplicación automática de la doctrina de cosa juzgada, en especial la que surte como efecto una desestimación por inactividad, entre otras, por la política judicial de que los casos se ventilen en sus méritos. No existe regla absoluta en cuanto a la aplicación de la cosa juzgada, ya que cuando los fines de la justicia en un caso lo han requerido, se ha intervenido para permitirle a una parte reivindicar sus derechos o que se diluciden las controversias en los méritos. *Banco de la Vivienda v. Carlo Ortiz, supra,* pág. 739; *Pagán Hernández v. U.P.R., supra,* págs. 735-736; *Feliciano Ruiz v. Alfonso Develop. Corp.,* 96 D.P.R. 108, 114 (1968); *Millán v. Caribe Motors Corp.,* 83 D.P.R. 494, 509 (1961); *Pérez v. Bauzá,* 83 D.P.R. 220, 226 (1961).

En el caso de autos, los recurridos presentaron una primera demanda sobre servidumbre de paso en 1983, aparentemente contra los anteriores dueños de la finca que hoy le pertenece a los peticionarios, la cual fue desestimada por falta de partes indispensables. Esta primera sentencia no constituye una adjudicación en los méritos y, por tanto, tampoco cosa juzgada. Así lo dispone la Regla 39.2, inciso (c), de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, la que establece que a menos que el tribunal disponga de otro modo, cualquier desestimación, excepto la que se hubiere dictado por falta de jurisdicción, o por haber omitido acumular una parte indispensable, tiene el efecto de una adjudicación en los méritos. La segunda demanda, en la que se basa la solicitud de que se aplique la doctrina de cosa juzgada, fue presentada por los recurridos contra el señor Zequeira Toral y en ella se

solicitó se le ordenara, entre otras cosas, permitir el paso de los recurridos por un camino que alegadamente constituia una servidumbre de paso a su favor. Como antes señalado, esta demanda fue desestimada porque no se describían las propiedades del demandante ni del demandado en el pliego de la demanda. En la sentencia desestimatoria, el tribunal nada dispuso sobre su efecto por lo que, conforme la Regla 39.2, inciso (c) *supra,* tendría efecto de una desestimación en los méritos.

No obstante lo anterior, es claro que se trata de un efecto procesal, puesto que los recurridos no han tenido la oportunidad de litigar en sus méritos su reclamación de servidumbre de paso, derecho que se encuentra reconocido por el Artículo 500 del Código Civil, 31 L.P.R.A sec. 1731. El propósito de la doctrina de cosa juzgada, de poner fin a litigios que han sido adjudicados en forma definitiva por los tribunales y garantizar los derechos declarados por resolución judicial, no se adelantaría al aplicarla en este caso, ya que en realidad nunca se ha evaluado ni adjudicado judicialmente la necesidad de paso a camino público, según reclamado por los recurridos. El tribunal de instancia actuó correctamente al denegar la desestimación por el mecanismo de sentencia sumaria, por los fundamentos que adujo en su resolución.

En definitiva, en el balance de los intereses en juego resultaría mayor el perjuicio a los recurridos si se les deja sin remedio de probarse su alegación que sus fincas están enclavadas, que el beneficio en economía procesal que se podría obtener al aplicar dicha doctrina o el perjuicio a los peticionarios, que no han tenido que litigar el asunto en sus méritos.

Por los anteriores fundamentos se deniega la expedición del auto solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria General.

Aida Ileana Oquendo Graulau
Secretaria General