Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XII

| | | |
|---|---|---|
| SWIRL, CORP.<br><br>Apelante<br><br>v.<br><br>SUCESIÓN MATOS;<br>MILAGROS MONTES<br>CRESPO Y OTROS<br><br>Apelados | KLAN202401055 | Apelación procedente<br>del Tribunal de<br>Primera Instancia,<br>Sala Superior de<br>San Juan<br><br>Civil Núm.:<br>SJ2023CV07217<br>Sala: 1003<br><br>Sobre:<br>Fraude de<br>Acreedores |

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Candelaria Rosa, la Jueza Rivera Pérez y la Jueza Díaz Rivera.

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 4 de febrero de 2025.

Comparece Swirl, Corp. (Swirl o apelante), mediante recurso de apelación, y solicita que revoquemos la *Sentencia Parcial* del Tribunal de Primera Instancia, Sala Superior de San Juan, emitida el 26 de septiembre de 2024. En dicho dictamen se desestimó con perjuicio una demanda de acción pauliana en fraude de acreedores. Por los fundamentos que expresaremos, confirmamos la *Sentencia Parcial* recurrida.

En síntesis, el caso de epígrafe trata de una demanda sobre acción pauliana en fraude de acreedores. Según el expediente, el 9 de enero de 1988, la señora Milagros Montes Crespo (señora Montes Crespo o apelada) y el señor Carlos Matos Jordán (señor Matos Jordán) contrajeron matrimonio bajo capitulaciones matrimoniales. Asimismo, el 16 de agosto de 1989, dicho matrimonio adquirió en un cincuenta

Número Identificador

SEN2025 _____

(50%) por ciento para cada uno el bien inmueble sito en 20 Calle Washington Apt. 4B, San Juan (en adelante, "propiedad en controversia"); para el 8 de agosto de 2005, adquirieron otra propiedad en 20119 Markward Crossing Estero, Florida. No obstante, el 12 de diciembre de 2014, el matrimonio se disolvió mediante divorcio por la causal de ruptura irreparable. El 18 de diciembre de 2017, ambos otorgaron la Escritura Núm. Ochenta y Tres (83) para la Designación de Hogar Seguro para designar la propiedad en controversia como hogar seguro y en la cual las partes indicaron que no han designado ninguna otra propiedad en o fuera de Puerto Rico como hogar seguro.

Consecuentemente, el 10 de abril de 2019, la señora Montes Crespo y el señor Matos Jordán otorgaron la Escritura Núm. Doce (12) de Liquidación y Adjudicación de Comunidad de Bienes Asumiendo Hipoteca y Acta para Anotar Derecho a Hogar Seguro a Favor de Parte y en la cual se adjudicó a favor de la señora Montes Crespo el inmueble en controversia, asumiendo así todas las cargas y gravámenes hipotecarios de la propiedad, a la vez que se anotó el derecho a hogar seguro de dicha propiedad. Asimismo, el señor Matos Jordán manifestó su deseo de que el Registro de la Propiedad eliminara la nota marginal sobre la designación de la propiedad en controversia como hogar seguro a favor de este, ya que el señor Matos Jordán no tendrá interés propietario sobre la misma y ya no vive en ella. La inscripción de la propiedad con dichas especificaciones se hizo el 28 de mayo de 2019.

Ahora bien, el señor Matos Jordán era el único accionista, oficial, presidente y tesorero de Marbro, Inc. (Marbro), contra la cual, el 14 de agosto de 2015, Nestlé Puerto Rico, Inc. (Nestlé) presentó una demanda de cobro de dinero en el caso KCD2015-1763 (903). Luego de un

proceso de arbitraje, el 8 de agosto de 2018, el Tribunal Arbitral del International Chambero of Commerce de Panamá adjudicó la controversia a favor de Nestlé y condenó a Marbro al pago de doscientos ochenta y ocho mil novecientos setenta y seis dólares con treinta y un centavos ($288,976.31), con una acreencia por interés de seis (6%) por ciento al año. Ante esto, Nestlé acudió ante el foro primario y solicitó orden de ejecución del laudo final, que dicho foro resolvió con lugar el 26 de febrero de 2019 mediante una *Orden de ejecución de Laudo Final* y ordenó el embargo de los bienes muebles perteneciente a Marbro en posesión de terceros, incluyendo los activos del señor Matos Jordán, para satisfacer el monto total del laudo final de doscientos noventa y dos mil cuatrocientos veintiséis dólares con sesenta y siete centavos ($292,426.67), más los intereses que sigan incurriéndose posterior al laudo.

Posteriormente, el 6 de junio de 2022, Nestlé solicitó al foro primario que extendiera la orden de embargo para incluir la residencia principal de la señora Montes Crespo, es decir, la propiedad en controversia. Luego de la señora Montes Crespo oponerse sin someterse a la jurisdicción y de celebrarse una vista argumentativa en la cual se presentó evidencia, en el caso KCD 2015-1763 (903), el Tribunal declaró sin lugar a la solicitud de enmendar la *Orden de Ejecución de Laudo Final*, ya que la propiedad en controversia está a nombre de la señora Montes Crespo, por lo cual no se le puede aplicar una orden de embargo a un inmueble fuera de la esfera propietaria de Marbro. Ante dicho dictamen, Nestlé no solicitó reconsideración o apelación.

Por todo lo anterior, el 27 de julio de 2023, Swirl—como identidad sobreviviente de la fusión entre esta y Nestlé—presentó una demanda sobre fraude de acreedores contra la señora Montes Crespo y la Sucesión del señor Matos Jordán, en el cual alegó que la liquidación de la comunidad de bienes del matrimonio y la anotación del hogar seguro fueron otorgadas en fechas posteriores al crédito del acreedor, según dispuesto por el laudo final. Asimismo, Swirl presentó y obtuvo *Moción Solicitando Embargo Preventivo en Aseguramiento de Sentencia Bajo la[s] Reglas 56.1 y 56.4 de las Reglas de Procedimiento Civil*.

Luego de ser emplazada, la señora Montes Crespo contestó a la demanda y presentó como defensa afirmativa la doctrina de cosa juzgada o impedimento colateral por sentencia, más una reconvención contra Swirl. Asimismo, la apelada solicitó desestimación y alegó que no existe fraude de acreedores por (1) el inmueble en controversia nunca haber sido propiedad de Marbro; (2) la propiedad anotarse como hogar seguro antes de cualquier sentencia o laudo del Tribunal de Arbitraje; (3) la demanda de Swirl ser insuficientemente detallado para cumplir con la doctrina de fraude de acreedores; (4) la demanda no contener alegación alguna que justifique la concesión de un remedio en contra de la señora Montes Crespo; (5) la señora Montes Crespo nunca haber sido accionista de Marbro; y (6) la doctrina de cosa juzgada y de impedimento colateral prohibir la re-litigación de un hecho ya resuelto. Además, la señora Montes Crespo solicitó que se le impusiera contra Swirl el pago de honorarios de abogado por temeridad.

Luego de varios trámites procesales y de celebrarse una vista argumentativa, el foro primario desestimó con perjuicio la causa de

acción instada contra la señora Montes Crespo, con lo cual dejó así sin efecto toda orden y mandamiento relacionado al embargo de la propiedad en controversia, pero ordenando la continuación de los procedimientos en cuanto a la reconvención. Según el foro primario, (1) la evidencia no demuestra la configuración de una causa de acción que justifique la concesión de un remedio a favor de Swirl; (2) la propiedad en controversia se anotó como hogar seguro antes de emitirse el laudo final; (3) la participación del señor Matos Jordán en dicha propiedad era alícuota proindivisa; (4) la liquidación de los bienes no tuvo el efecto de producir o agravar la insolvencia del deudor; (5) la transferencia propietaria no se realizó entre parientes del cuarto grado de consanguinidad o segundo de afinidad; (6) la parte apelante admitió en la vista argumentativa que continúa cobrando la deuda desde el pleito KCD 2015-1763, por lo cual el presente procedimiento no constituye una acción de último recurso que se ejercita cuando el acreedor no dispone de otros remedios para hacer efectivo su crédito; y (7) un tribunal competente ya declaró que la propiedad en controversia pertenece únicamente a la señora Montes Crespo. Además, por considerar que Swirl conocía de los ya descritos hechos, el foro primario impuso contra el apelante tres mil cien ($3,100.00) dólares en honorarios de abogado por temeridad. Ante la solicitud de reconsideración de Swirl, el foro primario resolvió sin lugar.

Insatisfecha, la apelante recurre ante este Tribunal y alega que el foro primario erró (1) al desestimar la demanda aplicando erróneamente las defensas de cosa juzgada e impedimento colateral por sentencia; (2) al desestimar la demanda al amparo de la Regla 10.2(5) de Procedimiento Civil de 2009 (31 LPRA Ap. V); (3) al no considerar la

*Moción de Desestimación* de la apelada como una solicitud de sentencia sumaria y, en efecto, esta incumplir con los requisitos de forma de la Regla 36 de Procedimiento Civil, *supra*; (4) al determinar que las aseveraciones de fraude no estaban expuestas detalladamente; (5) al resolver que la propiedad está protegida cómo hogar seguro estando pendiente el descubrimiento de prueba sobre esta materia; y (6) al determinar que la apelante ha actuado con temeridad.

En oposición, la apelada argumenta que (1) el foro primario tuvo ante sí la evidencia presentada por la parte apelante y en la cual dichos exbibits pueden constituirse como alegaciones de la demanda al amparo de la Regla 8.3 de Procedimiento Civil, *supra*; (2) no existía un crédito antes de la señora Montes Crespo constituir el derecho de hogar seguro sobre la propiedad en controversia; (3) la transferencia de activos celebrada entre la señora Montes Crespo y el señor Matos Jordán no excluyó un bien del patrimonio del deudor; (4) la liquidación de la comunidad de bienes no tuvo el efecto de producir o agravar la insolvencia del deudor; (5) que la demanda y alegaciones identifican a Marbro como deudor, y no a la señora Montes Crespo o al señor Matos Jordán, por lo cual la propiedad en controversia no pertenece a Marbro; (6) el presente procedimiento no constituye una acción de último recurso, por lo cual no se puede aplicar el Artículo 300 del Código Civil de 2020, 31 LPRA sec. 6233; (7) las alegaciones contra la señora Montes Crespo carecen de especificidad; (8) dichas alegaciones constituyen cosa juzgada y/o impedimento colateral por sentencia; (9) no es de aplicación la Regla 36.3(e) de Procedimiento Civil, *supra*, por el foro primario haber utilizado la prueba sometida en la demanda; y

(10) la apelante actuó de manera temeraria contra la señora Montes Crespo.

En nuestro ordenamiento, uno de los fundamentos para solicitar la desestimación de una demanda es que esta no expone una reclamación que justifique la concesión de un remedio. Regla 10.2(5) de Procedimiento Civil, *supra*. Ante tal planteamiento, la desestimación solo procede cuando se demuestra que la parte demandante no tiene derecho a remedio alguno bajo cualquier estado de Derecho que se pueda probar. *Rivera Candela et al. v. Universal Insurance Company*, 2024 TSPR 99, 214 DPR ____ (2024) (citando a *Cobra Acquisitions v. Mun. de Yabucoa et al.*, 210 DPR 384 (2022)). Por ello, se debe considerar los hechos bien alegados de la manera más favorable al demandante, y al resolver toda duda a favor de éste, si la demanda es suficiente para constituir una reclamación válida. Íd. (citando a *Cobra Acquisitions v. Mun. de Yabucoa et al.*, *supra*; *Casillas Carrasquillo v. ELA*, 209 DPR 240 (2022)). No obstante, la solicitud de desestimación se dirige únicamente a los méritos de la controversia y no a los aspectos procesales del caso. *Eagle Security v. Efrón Dorado et al.*, 211 DPR 70 (2023) (citando a *Montañez et al. v. Hosp. Metropolitano*, 157 DPR 96 (2002)).

Sin embargo, si una moción de desestimación se fundamenta en la Regla 10.2(5) de Procedimiento Civil, *supra*, expone materias no contenidas en la alegación impugnada y el tribunal no las excluye, dicha moción deberá considerarse como una solicitud de sentencia sumaria. Regla 10.2 de Procedimiento Civil, *supra*; *Sánchez v. Aut. de los Puertos*, 153 DPR 559 (2001). Tal conversión puede ocurrir cuando una de las partes, sea el promovente o el promovido, somete materia que no

formó parte de las alegaciones, como deposiciones, admisiones, certificaciones y contestaciones a interrogatorios. *Torres Capeles v. Rivera Alejandro*, 143 DPR 300 (1997) (citando a 5A Wright and Miller, Federal Practice and Procedure: Civil 2d Sec. 1366 (1990)). Sin embargo, el tribunal tendrá discreción para conceder la conversión, tomando en consideración si la materia ofrecida y la conversión subsiguiente facilitarían o no la disposición del asunto ante su consideración. Íd. (citando a Wright and Miller, *op. cit.*). De considerarse la solicitud como una de sentencia sumaria, todas las partes deberán tener una oportunidad razonable de presentar toda la materia pertinente a tal moción. Regla 10.2 de Procedimiento Civil, *supra*.

Ahora bien, la doctrina de cosa juzgada procura poner fin a los litigios luego de los tribunales adjudicarlos de forma definitiva y, de este modo, garantizar la certidumbre y seguridad de los derechos declarados mediante las resoluciones judiciales y así evitar gastos adicionales al Estado y a los litigantes. *Presidential v. Transcaribe*, 186 DPR 263 (2012) (citando a *Worldwide Food Dis., Inc. v. Colón et al.*, 133 DPR 827 (1993)). Asimismo, una sentencia que adviene final y firme constituye cosa juzgada no solo en cuanto a todo lo que se alegó y se admitió en torno a la reclamación presentada, sino también en cuanto a todo asunto que pudo haberse planteado, siempre y cuando haya tenido la parte la oportunidad de ser oída. *Comisión v. González Freyre et al.*, 211 DPR 579 (2023) (citando a *Marrero Rosado et al. v. Marrero Rosado*, 178 DPR 476 (2010)).

Claro, la defensa de cosa juzgada no opera de manera automática, ya que el solicitante debe responder a una alegación

mediante la expresa defensa de cosa juzgada. Regla 6.3 de Procedimiento Civil, *supra*. Igualmente, no debe aplicarse inflexiblemente, en particular, cuando al hacerlo se desvirtúan los fines de la justicia, produce resultados absurdos o cuando se plantean consideraciones de interés público. *Meléndez v. García*, 158 DPR 77 (2002) (citando a *Pagán Hernández v. UPR et al.*, 107 DPR 720 (1978); *Feliciano Ruiz et al. v. Alfonso Develop. Corp.*, 96 DPR 108 (1968); *Millán Soto v. Caribe Motors*, 83 DPR 494 (1961); *PRTC v. Unión Indep. Emp. Telefónicos*, 131 DPR 171 (1992)). Su presunción se activa cuando concurre la perfecta identidad de causa, cosas, partes y calidad en que lo fueron en un pleito anterior. *Ortiz Matías et al. v. Mora Development*, 187 DPR 649 (2013) (citando al Art. 1204 del Código Civil de 1930, 31 LPRA ant. sec. 3343). En ese sentido, el requisito de causa existe cuando los hechos y los fundamentos de las peticiones son idénticos en torno a la cuestión planteada. *Presidential v. Transcaribe*, *supra.* Al determinar si media identidad de causa de acción es necesario evaluar si ambas reclamaciones surgen de la misma transacción o núcleo de hechos. Íd. Debe observarse, de su parte, que la cosa, objeto o materia sobre la cual se ejercita la acción son las mismas, aunque se haya disminuido o alterado. Íd. Por otro lado, las partes significan quienes intervienen en el proceso, a nombre y en interés propio, y quienes resultarían directamente afectados por la excepción de la cosa juzgada. Íd.

De conformidad con lo anterior, la doctrina del impedimento colateral por sentencia, como modalidad de cosa juzgada, surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia y se determina mediante sentencia válida y final, por lo cual dicha

determinación será concluyente en un segundo pleito entre las mismas partes, aunque sean basados en causas de acciones distintas. *Beníquez et al. v. Vargas et al.*, 184 DPR 210 (2012); *Méndez v. Fundación*, 165 DPR 253 (2005); *A & P Gen. Contractors v. Asoc. Caná*, 110 DPR 753 (1981). Por tal razón, el impedimento colateral por sentencia impide la litigación de un hecho esencial que fue adjudicado mediante sentencia final en un pleito anterior, sin dicha doctrina limitarse a la perfecta identidad de causas. *P.R. Wire Prod. v. C. Crespo & Assoc. et als.*, 175 DPR 139 (2008). Al igual que la doctrina de cosa juzgada, la figura del impedimento colateral por sentencia promueve la economía procesal y judicial, y ampara a los ciudadanos del acoso que conlleva litigar en más de una ocasión hechos ya adjudicados. Íd.

Por último, nuestro ordenamiento establece que cuando cualquier parte o su abogado o abogada haya procedido con temeridad o frivolidad, el tribunal deberá imponerle en su sentencia al responsable el pago de una suma por concepto de honorarios de abogado que el tribunal entiende corresponden a tal conducta. *González Ramos v. Pacheco Romero*, 209 DPR 138 (2022) (citando la Regla 44.1(a) de Procedimiento Civil, *supra*). Dicha temeridad aplica cuando una parte (1) alargue innecesariamente un pleito; o (2) interponga pleitos frívolos que obliguen a la parte contraria a incurrir en gastos innecesarios o gestiones evitables. *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163 (2022) (citando a *Nieves Huertas et al. v. ELA I*, 189 DPR 611 (2013); *Domínguez v. GA Life*, 157 DPR 690 (2002)).

Claro, la imposición de honorarios de abogados como sanción por temeridad pueden determinarse en cualquier tipo de acción judicial. *González Ramos v. Pacheco Romero*, *supra* (citando a *Elba ABM v.*

*UPR*, 125 DPR 294 (1990)). No obstante, tal determinación descansa en la sana discreción del foro primario, por lo cual un foro apelativo no intervendrá a menos que se demuestre que la adjudicación monetaria es constitutiva de un claro abuso de discreción. *Pérez Rodríguez v. López Rodríguez et al.*, *supra* (citando a *Rodríguez de Oller v. TOLIC*, 171 DPR 293 (2007)).

En el presente caso, el Tribunal de Primera Instancia actuó correctamente al desestimar con perjuicio la controversia objeto del recurso. Del expediente se desprende que la controversia sobre el embargo de la propiedad de la señora Montes Crespo fue adjudicada el 27 de abril de 2023 mediante la *Minuta Resolución* del foro primario en el caso KCD 2015-1763 (903). En dicha determinación, el foro primario resolvió sin lugar a la solicitud de Nestlé en cuanto a enmendar la *Orden de Ejecución de Laudo Final* del 26 de febrero de 2019, ya que la propiedad en controversia figura a nombre de la señora Montes Crespo, por lo que, en efecto, no se le puede aplicar la orden de ejecución de embargo, por constituir un inmueble fuera de la esfera propietaria de Marbro. Lo cierto es que, ante este dictamen, ninguna parte solicitó reconsideración o apelación dentro del término dispuesto por ley, por lo cual la determinación del foro primario advino final y firme. Por tanto, en la medida en que la demanda objeto del recurso de epígrafe incide en el embargo de la propiedad relativa al laudo final del Tribunal de Arbitraje, la doctrina de impedimento colateral le aplica y, en efecto, prohíbe la re-litigacion de la controversia sobre la propiedad de la señora Montes Crespo con miras de reinstalarla en el caudal de Matos Jordán sujeto a embargo.

De otra parte, la *Moción de Desestimación* de la señora Montes Crespo presenta sus argumentos basándose en las alegaciones dispuestas en la demanda de Swirl, con los temas sobre la doctrina de cosa juzgada y de impedimento colateral, más el de temeridad, que constituyen defensas—es decir, justificaciones por la solicitud de desestimación y sus consecuencias—en contra de dichas alegaciones. Por tanto, no hay razón por la cual el foro primario debía haber evaluado la *Moción de Desestimación* como una solicitud de sentencia sumaria.

Por último, el expediente demuestra que la apelante conocía de las circunstancias legales de la propiedad en controversia para finales del caso KCD 2015-1763 (903) y, más aún, para cuando presentó la demanda del pleito objeto de su recurso. Igualmente, Swirl tenía conocimiento de que la controversia sobre la propiedad fue adjudicada—dentro del tema sobre la titularidad de la misma—por un foro primario anterior, así interponiendo un pleito frívolo que obligó a la apelada a incurrir en gastos innecesarios o gestiones evitables. A la luz de lo anterior, no vemos razón por la cual debamos revocar la imposición de honorarios de abogado por temeridad contra la apelante.

Por los fundamentos expresados, confirmamos la *Sentencia Parcial* recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

La Jueza Grana Martínez disiente sin escrito.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones