TEXTO COMPLETO DE LA SENTENCIA
La Sra. Bertha M. Garced Meléndez solicita la revocación de la sentencia sumaria dictada por el Tribunal de Primera Instancia, Sala Superior de San Juan, en la cual se desestimó la querella por represalias y daños y peijuicios que instó el 27 de abril de 1998 contra la Autoridad de Energía Eléctrica (A.E.E.). El tribunal basó su dictamen en que la alegación de represalias y los daños reclamados por esa razón constituyen cosa juzgada. La apelante arguye que no procedía la aplicación de esa doctrina en este caso.
Evaluadas las posiciones de las partes y el derecho, procede modificar la sentencia apelada en cuanto determinó desestimar la querella por el fundamento de que es aplicable la doctrina de cosa juzgada en sus modalidades de impedimento colateral por sentencia y de fraccionamiento de la causa de acción y desestimar dicha querella por prescripción.
I
Según surge del expediente, la señora Garced era empleada de la A.E.E. en el Centro de Control Energético ubicado en el Barrio Monacillos de Río Piedras. El 7 de junio de 1994 se suscitó un incidente entre ella y otros dos empleados unionados de la A.E.E. en dichas instalaciones. El altercado verbal dio lugar a la presentación de diversas reclamaciones por parte de la señora Garced y a la formulación de cargos disciplinarios en su contra por alegada tergiversación de los hechos.
A raíz de los hechos del 7 de junio de 1994, la señora Garced presentó una querella administrativa, dos denuncias criminales contra uno de los involucrados, y tres acciones civiles contra la A.E.E. por diversas causas. Por diferentes razones todas las demandas instadas fueron desestimadas. La cronología de eventos que se expone a continuación arroja luz sobre los planteamientos ante nuestra consideración.
*717 A base de los incidentes de 7 de junio de 1994 la señora Garced presentó querella ante la A.E.E. contra el Sr. Javier Rodríguez Concepción para la formulación de cargos por acoso, intimidación, hostigamiento y privación de libertad. Incluyó en.su-querella a la Sra. Marilyn Fuentes por- hatespreseneiado. el incidente-sin intervenir a su favor. Luego de la investigación, la A.E.E. confirió credibilidad a los querellados y el 21 de julio de 1994 formuló cargos disciplinarios contra la señora Garced por la alegada infracción a la Regla de Conducta número 29 del convenio colectivo entonces vigente entre la A.E.E. y la Unión de Trabajadores de la Industria Eléctrica y Riego de Puerto Rico (U.T.I.E.R.). La disposición aludida prohibía ocultar o tergiversar hechos o hacer declaraciones falsas y su violación conllevaba la separación definitiva del puesto. Se le imputó también la infracción a la Nota núm. 3, referente a cualquier conducta incorrecta no detallada en el acuerdo laboral, a la cual se aplicarían medidas correctivas según su importancia o gravedad. Los cargos se basaron en que en el transcurso de la investigación del incidente entre los empleados la señora Garced tergiversó los hechos que relató al Ing. Roberto A. Volckers, Jefe de la División de Operación del Sistema Eléctrico.
Los aludidos cargos contra la señora Garced fueron sometidos a arbitraje, según lo dispone el convenio colectivo. Antes de que se dilucidara el procedimiento disciplinario, en mayo y junio de 1995,-la señora Garced presentó denuncias por alteración a la paz y restricción de libertad contra el señor Rodríguez Concepción. En ambas el tribunal determinó que no existía causa probable para arresto.
A base de los mismos hechos, la señora Garced presentó el 6 de junio de 1995 una demanda al amparo del artículo 1802 del Código Civil, 31 L.P.R.A. see. 5141, contra la A.E.E., el Sr. Javier Rodríguez Concepción y la Sra. Marilyn Fuentes, entre otros, identificada con el número KDP'-95-0643. Solicitó resarcimiento por las angustias mentales sufridas por el acoso, la intimidación y el hostigamiento de los que alegadamente había sído objeto el 7 de junio de 1994. El señor Rodríguez Concepción presentó reconvención por persecución maliciosa, la cual no fue replicada. La referida demanda fue desestimada el 12 de mayo de 1997 por no haberse efectuado trámite en seis (6) meses, en virtud de lo dispuesto en la Regla 39.2(b) de las de Procedimiento Civil, 32 L.P.R. A., Ap. m.
El 11 de mayo de 1998 la señora Garced presentó, por nueva representación legal, un pleito independiente de nulidad de sentencia en contra de la A.E.E. y su aseguradora, identificado con el número KAC-98-0506. Alegó que la sentencia desestimatoria dictada en su contra era nula por la negligencia de su anterior abogado en la tramitación del caso, quien no la mantuvo informada de los eventos procesales. El tribunal de instancia desestimó esa demanda mediante sentencia de 26 de octubre de 1998. Concluyó que la señora Garced no le había puesto en condiciones de determinar que el mantener la sentencia habría constituido una grave injusticia. Consignó además, que examinadas las alegaciones del caso KDP-95-0643, desde el punto de vista más favorable a la señora Garced, tenía serias dudas de que su causa de acción tuviese probabilidad de prevalecer.
Paralelamente al trámite de la demanda de daños y perjuicios inicial (KDP-95-0643) el proceso disciplinario contra la señora Garced siguió su curso. Un árbitro del Negociado de Conciliación y Arbitraje desestimó los cargos que se le habían formulado mediante decisión de 25 de abril de 1997, notificada el 28 de abril de 1997. En ésta el árbitro determinó que no había encontrado prueba de tergiversación de hechos que infringiera la Regla núm. 29 y que constituía una violación al debido proceso de ley formularle cargos a la empleada bajo la Nota núm. 3, pues esa disposición no exponía la conducta punible, ni la sanción aplicable.
El 27 de abril de 1998 la señora Garced presentó una querella contra la A.E.E. por represalias y daños y perjuicios, acogiéndose al procedimiento sumario especial de reclamación laboral dispuesto por la Ley Núm. 2 de 16 de octubre de 1961, según enmendada, 32 L.P.R.A. sees. 3118 y ss., objeto de este recurso. Alegó que la decisión del árbitro puso de manifiesto que la formulación de cargos en su contra constituyó un acto de represalias por haber presentado una querella formal contra el señor Rodríguez Concepción y la señora Fuentes. Asimismo, señaló que en junio de 1997 el patrono tomó represalias adicionales en su contra al determinar jubilarla por incapacidad física para realizar las labores de su puesto.
*718 Luego de varios trámites procesales, la A.E.E. presentó moción de sentencia sumaria. Entre otros asuntos, planteó la defensa de cosa juzgada en sus modalidades de impedimento colateral por sentencia y de fraccionamiento de causa de acción, invocando las sentencias desestimatorias dictadas en los pleitos KDP-95-0643 y KAC-98-0506. En cuanto a la jubilación por incapacidad, alegadamente motivada por represalias, sostuvo que era improcedente la ventilación del asunto ante el tribunal cuando la señora Garced no había agotado los remedios administrativos de impugnación a los que tenía derecho, a tenor del convenio colectivo. Tras la oposición de la señora Garced, el tribunal de instancia dictó la sentencia apelada en la cual declaró con lugar la moción de sentencia sumaria de la A.E.E. y ordenó la desestimación del caso con peijuicio. Determinó que aplicaba la doctrina de cosa juzgada a las alegaciones de represalias y daños y que no tenía jurisdicción para dirimir la determinación médica sobre incapacidad por no haberse agotado el trámite administrativo. En nota al calce señaló que la acción de daños por la formulación de cargos estaba prescrita, por haber transcurrido en exceso de un año cuando se presentó.
Consideremos el derecho aplicable a la controversia planteada por la apelante.
II
La doctrina de cosa juzgada está contemplada en el artículo 1204 del Código Civil, 31 L.P.R.A. see. 3343. Para que surta efecto se requiere que exista entre el caso anterior y aquél en que se invoca, la más perfecta identidad entre las cosas, las causas, las personas de los litigantes y la calidad en que lo fueron. Se considera cosa juzgada no sólo las cuestiones litigadas y adjudicadas, sino también aquellas que pudieron haberse litigado y adjudicado con propiedad, aún cuando no fueron planteadas. Díaz Maldonado v. Lacot, 123 D.P.R. 261 (1989).
Nuestra jurisprudencia ha adoptado como modalidad de la cosa juzgada el impedimento colateral por sentencia, que surte efectos cuando un hecho esencial para el pronunciamiento de una sentencia se dilucida y determina en una sentencia válida y final que involucre a las mismas partes, aunque las causas de acción sean distintas. Fatach v. Seguros Triple S, 147 D.P.R._(1999), 99 J.T.S. 46, pág. 803; A & P General Contractors v. Asoc. Caná, 110 D.P.R. 753 (1981).
Como hemos expuesto, la doctrina requiere que entre ambos pleitos concurran ciertos requisitos de identidad. Para determinar si hay identidad de cosas, se entiende por cosa el objeto o materia sobre la cual se ejercita la acción. Para determinar si hay identidad de causas, se entiende que causa es el motivo de pedir. Lo fundamental para decidir si existe identidad de causas cuando hay diversidad de éstas es si los hechos y fundamentos de las peticiones son los mismos en lo que afecta a la cuestión planteada o si la nueva acción es consecuencia inseparable de la primera. En cuanto a la identidad de las personas, éste se da cuando los litigantes del segundo pleito sean los mismos, sean causahabientes de los que contendieron en el pleito anterior, o estén unidos a ellos por vínculos de solidaridad. Worlwide Food Dist., Inc, v. Colón, 133 D.P.R. 827 (1993); Rodríguez v. Colberg Comas, 131 D.P.R. 212 (1992); A & P General Contractors v. Asoc. Caná, supra.
En cuanto a daños, está resuelto que procede una acción de daños basada en un derecho adjudicado en un pleito anterior entre las mismas partes en el cual debieron reclamarse dichos daños. Mercado Riera v. Mercado Riera, 100 D.P.R. 940 (1972). Con ello se evita que en un pleito posterior se litiguen tanto las cuestiones previamente litigadas y adjudicadas como aquellas que pudieron haberlo sido en el pleito anterior. Se pretende poner fin a los litigios tras su adjudicación definitiva por los tribunales garantizando así la certidumbre y la seguridad de los derechos judicialmente declarados y evitando gastos adicionales al Estado y a los litigantes. Worldwide Food Dist., Inc. v. Colón, supra.
En el caso bajo consideración los casos anteriores en que se amparó el tribunal para desestimar el pleito posterior basado en represalias presentado por la señora Garced fueron el KDP-95-0643, desestimado por inacción y el KAC-98-0506, desestimando la solicitud de nulidad de la sentencia desestimatoria. Debe tenerse presente que conforme dispone la Regla 39.2 de Procedimiento Civil, supra, una desestimación por inactividad *719 a su amparo tiene la autoridad de cosa juzgada, a menos que el tribunal disponga en su orden de otro modo.
Ahora bien, aún cuando todos los requisitos estén presentes en un pleito, la_doctrina.de cosa juzgada no.se aplicará inflexiblemente cuando el así hacerlo derrotaría los fines de la justicia. Entre estas excepciones se encuentran aquellos casos que están permeados de consideraciones de orden público. También se ha rechazado la aplicación automática de la doctrina de cosa juzgada, en especial la que surte como efecto una desestimación por inactividad, entre otras, por la política judicial de que los casos se ventilen en sus méritos. No existe regla absoluta en cuanto a la aplicación de la cosa juzgada ya que cuando los fines de la justicia en un caso lo han requerido, se ha intervenido para permitirle a una parte reivindicar sus derechos o que se diluciden las controversias en los méritos. Rodríguez Oyóla v. Machado Díaz, 136 D.P.R. 250, 254 (1994) Banco de la Vivienda v. Carlo Ortiz, 130 D.P.R. 730, 739 (1992); Pagán Hernández v. U.P.R., 107 D.P.R. 720, 735-736 (1978); Feliciano Ruiz v. Alfonso Develop. Corp., 96 D.P.R. 108, 114 (1968); Millán v. Caribe Motors Corp., 83 D.P.R. 494, 509 (1961); Pérez v. Bauzá, 83 D.P.R. 220, 226 (1961).
Al aplicar los principios que rigen la doctrina de cosa juzgada, el tribunal de instancia determinó que la señora Garced tenía la obligación de incluir en el primer pleito (KDP-95-0643) toda otra reclamación que surgiera a raíz del incidente de 7 de junio de 1994. De lo contrario, según la sentencia apelada, estaría fraccionando la causa de acción y ello constituye cosa juzgada. Aludió específicamente a que en la reconvención en el mismo pleito, presentada por el señor Rodríguez Concepción, éste se refirió a la formulación de cargos. Por tanto, resolvió que existía entre aquel pleito en daños por acoso del empleado y éste en daños por represalias de parte de la A.E.E. identidad de cosas, así como de causas. Específicamente expresó que en ambos casos la causa consiste en los alegados actos de represalia por la querella presentada por la A.E.E. contra la señora Garced. Respecto a la identidad de partes, concluyó que eran las mismas.
En cuanto a identidad de las personas en los pleitos, son las mismas la empleada y la A.E.E. En cuanto a los motivos de las reclamaciones entendemos que el tribunal erró al encontrar identidad de cosas y causas entre los pleitos anteriores y el posterior. La causa o motivo de pedir de la señora Garced en los pleitos KDP-95-0643 y KAC-98-0506 consistió en los daños reclamados contra la A.E.E. y los dos empleados involucrados en el incidente de 7 de junio de 1994, el señor Rodríguez Concepción y la señora Fuentes, por los alegados actos de acoso, hostigamiento, intimidación, privación de libertad y entrampamiento de los empleados. En la demanda inicial, la señora Garced no presentó alegaciones de represalias, ni reclamo por esos actos. En la reconvención de 23 de agosto de 1995 el señor Rodríguez Concepción hizo un recuento de los alegados actos de la señora Garced en su contra y señaló que el 21 de julio de 1994 la A.E.E. había formulado cargos contra la empleada por violaciones a la reglamentación intema. El procedimiento de esa demanda culminó debido a inactividad. No estaba incluida la causa de acción por represalias, ni pudo haberse incluido durante el proceso ante la desestimación por inactividad motivada por razón de alegada negligencia de su abogado, según la señora Garced planteó en la demanda de nulidad de la sentencia.
En conclusión, la causa de acción por represalias del patrono no fue la causa de las demandas anteriores, ni podía serlo debido a los motivos de inacción por los cuales se desestimó esa demanda que no permitieron seguir su trámite judicial. No existiendo identidad de causas, no procedía la de cosa juzgada a la querella por represalias en su modalidad de impedimento colateral y fraccionamiento de causas. Aparte de ello, la acción por represalias es una específicamente dispuesta por ley, bajo una política pública de protección al empleado que debe prevalecer en las circunstancias de desestimación por inacción que mediaron en este caso.
Ahora bien, independientemente de lo anterior, procedía la desestimación de la acción de daños por represalias por motivo de prescripción. El tribunal señaló en nota al calce de la sentencia que la acción de daños y peijuicios que surgió de la formulación de cargos el 21 de julio de 1994 estaba prescrita por haber transcurrido un año al momento de la presentación de la demanda el 27 de abril de 1998. Partió del supuesto de que la demanda incoada lo fue bajo el artículo 1802 del Código Civil, en cuyo caso disponía la empleada de un año para instar la demanda a partir de la fecha de la formulación de cargos. Artículo 1868 del Código *720 Civil, 31 L.P.R.A. sec. 5298. A1 27 de abril de 1998, había transcurrido el año desde la fecha de la formulación de cargos. 
De otra parte, la Ley Núm. 115 de 20 de diciembre de 1991, según enmendada, 29 L.P.R.A. sees. 194, 194a y 194b, (Ley de Represalias) prohíbe a los patronos despedir, amenazar o discriminar contra un empleado que haya ofrecido o intentado ofrecer cualquier testimonio, expresión, o información ante algún foro legislativo, administrativo o judicial en Puerto Rico. Véase Irizarry v. Johnson and Johnson Consumer Products, C., Inc., 150 D.P.R. _ (2000), 2000 J.T.S. 27, pág. 617. Sólo se excluyen de esa protección las expresiones de carácter difamatorio y las que constituyan divulgación de información privilegiada. El empleado que alegue una violación a las disposiciones de ese estatuto dispone de un término de tres (3) años desde la fecha en que ocurrió la infracción para instar una acción civil contra el patrono. El empleado puede solicitar, entre otros, compensación por las angustias mentales sufridas a consecuencia del despido, la amenaza o el discrimen por represalias. Para establecer un caso prima facie de violación a la ley debe probar que participó en una actividad protegida por el estatuto y que fue subsiguientemente despedido, amenazado o discriminado en su empleo.
En el caso de autos, la señora Garced alega en la querella que por haber presentado una queja administrativa contra otros dos empleados, la A.E.E. le formuló cargos disciplinarios imputándole haber prestado declaraciones falsas y tergiversar los hechos durante una investigación patronal. De estar cobijadas sus alegaciones bajo la Ley de Represalias, la querella fue presentada el 27 de abril de 1998, cuando había transcurrido en exceso del término de tres (3) años desde el 21 de julio de 1994, fecha de la formulación de los cargos. Por tanto la querella instada estaba prescrita al momento de su presentación de ser aplicable la Ley Núm. 115, supra.
No tiene razón la apelante al señalar que para presentar la acción de represalias debía esperar el resultado del agotamiento del remedio administrativo y que el término aplicable es a partir de la notificación de la decisión del árbitro, decretando que no procedían las violaciones reglamentarias imputadas. Está resuelto que en casos de acción en daños contra el Estado por una acción discriminatoria, arbitraria o de otra manera ilegal sufrida por un empleado público el término prescriptivo comienza a decursar con la notificación al empleado de la actuación administrativa de la autoridad nominadora y no con el decreto de ilegalidad del foro administrativo. Es desde el momento de la notificación de la actuación en su contra que el perjudicado tiene o debe tener conocimiento de los daños causados por la actuación de la agencia. Cintrón v. E.L.A., 127 D.P.R. 582 (1990). En el caso de Ríos Quiñones v. Administración de Servicios Agrícolas, 140 D.P.R. _ (1996), 96 J.T.S. 71, pág. 1133, el Tribunal Supremo reiteró esa norma al afirmar que el término prescriptivo de un traslado de un empleado comienza a partir de la determinación final de la agencia. Allí el traslado se hizo efectivo luego de la reconsideración instada por la empleada.
En el caso de autos, la decisión final de la A.E.E. en la cual la señora Garced se basó para reclamar daños y perjuicios por represalias fue la formulación de cargos disciplinarios en su contra, lo que fue comunicado en carta del 21 de julio de 1994. No es correcto que el acto de represalias lo determinó el árbitro. Lo que éste determinó fue que no procedían las violaciones imputadas en la formulación de cargos, pero éstos comenzaron a surtir efectos desde que fueron notificados.
El procedimiento disciplinario en el cual eventualmente se desestimaron los cargos en su contra fue sometido a arbitraje a tenor de lo dispuesto en el convenio colectivo entonces vigente, bajo el cual un empleado al que se le formulan cargos tenía quince (15) días luego de su notificación para solicitar una vista de arbitraje para la ventilación de éstos ante un árbitro. No se trata de un procedimiento de impugnación del empleado; corresponde a la A.E.E. probar los cargos. El proceso es a los fines de determinar si el empleado es culpable de las violaciones imputadas por la A.E.E. La formulación de cargos es un acto independiente de su dilucidación. Artículo XLI del convenio colectivo, apéndice del recurso, págs. 81-82. En definitiva la causa de acción por la formulación de cargos como medida en represalia surgió el 21 de julio de 1994. Esa actuación es independiente del resultado al que llegó el árbitro el 25 de abril de 1998, respecto a los méritos de los cargos imputados.
*721 En conclusión, la causa de acción de la señora Garced por represalias estaba prescrita al momento de su presentación tanto bajo el artículo 1802, supra, como bajo la Núm. Ley 115, supra.

Ill

Por los fundamentos expuestos, se modifica la sentencia apelada en cuanto determinó que era aplicable la doctrina de cosa juzgada en sus modalidades de impedimento colateral por sentencia y de fraccionamiento de la causa de acción, y se desestima la querella por represalias por motivo de prescripción.
El juez Aponte Jiménez concurre con el resultado.
Lo acordó y manda el Tribunal y lo certifica la Subsecretaría General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 2001 DTA 32
1. Erróneamente el tribunal se refirió al año 1997.
2. La querella no indicó la disposición de ley en la que se amparó.
3. La querella fue instada el 27 de abril de 1998 (apéndice del recurso, pág. 16) dentro del año a partir de la notificación de la decisión del árbitro el 28 de abril de 1997 (apéndice de la oposición de la A.E.E., pág. 22). Como indicamos más adelante, esta última no es la fecha de partida del cómputo, sino la de formulación de cargos.